**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　　*Plaintiff-Appellee,*

　　　v.

RUDOLPH JEFFERSON,
　　　　　　　*Defendant-Appellant.*

No. 01-4394

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-00-309)

Submitted: October 31, 2001

Decided: November 19, 2001

Before MICHAEL and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Robert P. Geary, Richmond, Virginia, for Appellant. Kenneth E. Melson, United States Attorney, Stephen W. Miller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Rudolph Jefferson appeals his conviction for making a false statement to a federally licensed firearms dealer in the acquisition of a firearm in violation of 18 U.S.C.A. § 922(g)(a)(6) (West 2001). On appeal, Jefferson contends that the evidence was insufficient to convict him and that the district court erred in determining the Base Offense Level used to calculate the Sentencing Guidelines range. Finding no merit to either contention, we affirm.

This court must affirm Jefferson's conviction if there is substantial evidence, when viewed in the light most favorable to the Government, to support the verdict. *Glasser v. United States*, 315 U.S. 60, 80 (1942). To determine whether the evidence is substantial, this Court views the evidence in the light most favorable to the Government and inquires whether there is evidence sufficient to support a finding of guilt beyond a reasonable doubt. *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996). The appeals court must consider circumstantial as well as direct evidence and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established. *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982). Our review of the trial testimony leads us to conclude that the district court properly drew the reasonable inference from the evidence at trial that Jefferson was an "unlawful user of, or addicted to, marijuana, or any depressant, stimulant, or controlled substance" and that he made a false statement in denying his status as a user of marijuana. Consequently, the evidence at trial was sufficient to support Jefferson's conviction.

Jefferson next contends that the district court erred at sentencing. Because the district court determined that Jefferson was an "unlawful user" of marijuana, he fell squarely in the definition of "prohibited person" for the purposes of determining his Base Offense Level under § 2K2.1 of the Sentencing Guidelines. USSG § 2K2.1 comment. (n.6). By suggesting that his status as a "prohibited person" does not matter with respect to calculating the Base Offense Level of a person convicted of a prohibited transaction as opposed to possession of a firearm, Jefferson attempts to make a distinction in offenses that the

Guidelines do not make. *See* USSG § 2K2.1. Affording due deference to the district court's application of the sentencing guidelines, we find that the court did not err in calculating Jefferson's Base Offense Level and Guidelines range. *See United States v. Blake*, 81 F.3d 498, 503 (4th Cir. 1996).

Accordingly, Jefferson's conviction and sentence are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*